---

**Fill in this information to identify the case**

United States Bankruptcy Court for the:

Southern _____ District of ___Texas_____
                                 (State)

Case number (*If known*): _____ Chapter ___11___

☐  Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Fieldwood Energy LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | N/A |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 46-1326778 |

**4. Debtor's address**

**Principal place of business**

| 2000 | W. Sam Houston Pkwy. S. |
|---|---|
| Number | Street |

Suite 1200

| Houston | Texas | 77042 |
|---|---|---|
| City | State | ZIP Code |

Harris County
County

**Mailing address, if different from principal place of business**

| | |
|---|---|
| Number | Street |

P.O. Box

| | | |
|---|---|---|
| City | State | ZIP Code |

**Location of principal assets, if different from principal place of business**

| | |
|---|---|
| Number | Street |

| | | |
|---|---|---|
| City | State | ZIP Code |

**5. Debtor's website** (URL)        www.fieldwoodenergy.com

**6. Type of debtor**

☒  Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐  Partnership (excluding LLP)
☐  Other. Specify: _____

Debtor  Fieldwood Energy LLC                                               Case number (if known)
        Name

**7.   Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

**2111 – Oil and Gas Extraction**

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes   District _____  When _____  Case number _____
                                          MM/ DD/ YYYY

        District _____  When _____  Case number _____
                                          MM / DD/ YYYY

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes   Debtor     See attached Schedule 1        Relationship   Affiliates

        District   Southern District of Texas      When   02/15/2018

        Case number, if known  _____            MM / DD/ YYYY

---

Official Form 201                    Voluntary Petition for Non-Individuals Filing for Bankruptcy                    Page 2

Debtor    Fieldwood Energy LLC                           Case number (if known)
       Name

| | |
|---|---|
| **11. Why is the case filed in this district?** | *Check all that apply:* |

☒   Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒   A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

     **Why does the property need immediate attention?** (*Check all that apply.*)

     ☐   It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

        What is the hazard? _____

     ☐   It needs to be physically secured or protected from the weather.

     ☐   It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

     ☐   Other _____

     **Where is the property?** _____

        Number         Street

        City         State         ZIP Code

     **Is the property insured?**

     ☐   No

     ☐   Yes. Insurance agency _____

            Contact Name _____

            Phone _____

---

| **Statistical and administrative information** |
|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒   Funds will be available for distribution to unsecured creditors.

☐   After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

Debtor   Fieldwood Energy LLC
         Name                                                          Case number (if known)

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING** — Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- I have been authorized to file this petition on behalf of the debtor.

- I have examined the information in this petition and have a reasonable belief that the information is true and  correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   02/15/2018
              MM/ DD /YYYY

✗   /s/ G.M. McCarroll                              G.M. McCarroll
   Signature of authorized representative of debtor    Printed name

   President and Chief Executive Officer
   Title

**18. Signature of attorney**

✗   /s/ Alfredo R. Pérez                     Date   02/15/2018
   Signature  of attorney for  debtor                MM / DD / YYYY

   Alfredo R. Pérez                          Matthew S. Barr
   Printed Name

   Weil, Gotshal & Manges LLP               Weil, Gotshal & Manges LLP
   Firm Name

   700 Louisiana Street, Suite 1700         767 Fifth Avenue
   Address

   Houston, Texas  77002                    New York, New York  10153
   City/State/Zip

   (713) 546-5000                           (212) 310-8000
   Contact Phone

   alfredo.perez@weil.com                   matt.barr@weil.com
   Email Address

   15776275            Texas
   Bar Number          State

### Schedule 1

Pending Bankruptcy Cases Filed by Debtor and Affiliates of Debtor

On the date hereof, each of the affiliated entities listed below (collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas. The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| COMPANY |
|---|
| Dynamic Offshore Resources NS, LLC |
| Fieldwood Energy LLC |
| Fieldwood Holdings LLC |
| Fieldwood Energy Inc. |
| Fieldwood Energy Offshore LLC |
| Fieldwood Onshore LLC |
| Fieldwood SD Offshore LLC |
| FW GOM Pipeline, Inc. |
| GOM Shelf LLC |
| Bandon Oil and Gas GP, LLC |
| Bandon Oil and Gas, LP |
| Fieldwood Energy SP LLC |
| Galveston Bay Pipeline LLC |
| Galveston Bay Processing LLC |

**ACTION BY**
**WRITTEN CONSENT OF**
**THE GOVERNING BODIES[1] OF**
**FIELDWOOD ENERGY INC.**
**FIELDWOOD ENERGY LLC**
**FIELDWOOD ENERGY OFFSHORE LLC**
**FIELDWOOD ONSHORE LLC**
**FIELDWOOD SD OFFSHORE LLC**
**FW GOM PIPELINE, INC.**
**GOM SHELF LLC**
**BANDON OIL AND GAS GP, LLC**
**BANDON OIL AND GAS, LP**
**DYNAMIC OFFSHORE RESOURCES NS, LLC**
**FIELDWOOD ENERGY SP LLC**
**GALVESTON BAY PIPELINE LLC**
**GALVESTON BAY PROCESSING LLC**

February 12, 2018

The required members of the board of directors, the sole member, the managing member, the sole manager or the sole general partner, as the case may be (as applicable, the "**Governing Body**"), of each of the entities referenced above (each, a "**Company**," and collectively, the "**Companies**"), do hereby consent to, adopt, and approve, by written consent in accordance with, as applicable, Section 141(f) of the Delaware General Corporation Law, Section 18-302(d) of the Delaware Limited Liability Company Act, Section 17-405(d) of the Delaware Revised Uniform Limited Partnership Act, the Louisiana Limited Liability Company Law, and Section 101.359 of the Texas Limited Liability Company Act, the following resolutions and each and every action effected thereby:

**WHEREAS**, the Governing Body of each Company has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company, the strategic alternatives available to it and the impact of the foregoing on such Company's businesses; and

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company to fully consider each of the strategic alternatives available to such Company; and

**WHEREAS**, each Governing Body believes that commencing a Chapter 11 Case (as defined below) and taking the actions set forth below are in the best interests of the applicable Company and, therefore, desires to approve the following resolutions.

I.    <u>**Commencement of Chapter 11 Case**</u>

**NOW, THEREFORE, BE IT RESOLVED**, that each Governing Body of each Company has determined, after due consultation with the management and the legal and financial advisors of the

---

[1] By a telephonic meeting of even date herewith, substantially similar resolutions to the resolutions set forth below were adopted formally by the board of directors of Fieldwood Holdings LLC, the sole stockholder of Fieldwood Energy Inc., authorizing the actions set forth in these resolutions as they relate to Fieldwood Holdings LLC and instructing the Governing Bodies to adopt these resolutions.

applicable Company, that it is desirable and in the best interests of such Company, its creditors, and other parties in interest that a petition be filed by such Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

RESOLVED, that any manager, member, officer or director of such Company (each, an "**Authorized Officer**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of such Company, and under its corporate seal or otherwise, all petitions, schedules, motions, lists, applications, pleadings, and other documents in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer, who may act without the joinder of any other Authorized Officer, deems necessary, proper, or desirable in connection with such Company's chapter 11 case (each, a "**Chapter 11 Case**"), including, without limitation, negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and/or instruments in connection with the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of such Chapter 11 Case; and be it further

## II.   Debtor-in-Possession Financing

RESOLVED, that in connection with the Chapter 11 Case, it is in the best interests of (i) in the case of Fieldwood Energy LLC, a Delaware limited liability company (the "**DIP Facility Borrower**"), to enter into and obtain loans, (ii) in the case of the Guarantors (as defined below), to guarantee the DIP Facility Borrower's obligations under the DIP Credit Agreement (as defined below), and (iii) in the case of the DIP Facility Borrower and the Guarantors, to consummate the transactions under that certain multiple- draw senior secured debtor-in-possession term loan credit facility in an aggregate principal amount of up to $60,000,000 to be evidenced by that certain Secured Debtor-in-Possession Credit Agreement, by and among, the DIP Facility Borrower and the other Companies, as guarantors (the "**Guarantors**"), the lenders from time to time party thereto (the "**Lenders**"), and the administrative agent for the Lenders (in such capacity and together with its successors, the "**Agent**") (together with the Exhibits and Schedules annexed thereto, the "**DIP Credit Agreement**"; capitalized terms used in this section with respect to debtor-in-possession financing and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement) in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct of the business of the Company (the "**Debtor-in-Possession Financing**"); and be it further

RESOLVED, that the execution and delivery of the DIP Credit Agreement and the DIP Financing Documents (as defined below) by each Company that is party thereto and the consummation by such Company of the transactions contemplated thereunder, including (i) in the case of the DIP Facility Borrower, the borrowing of funds under the DIP Credit Agreement, (ii) in the case of Guarantors, the guaranty of the obligations thereunder as provided in any guaranty, (iii) in the case of the DIP Facility Borrower and the Guarantors, the grant of a security interest in and liens upon substantially all of such Company's assets in favor of the secured parties (including the authorization of financing statements in connection with liens) and (iv) the execution, delivery and performance of all other agreements, instruments, documents, notices or certificates constituting exhibits to the DIP Credit Agreement or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Credit Agreement or otherwise related thereto, including interest rate or currency hedging arrangements (each a "DIP Financing Document" and collectively, the "DIP Financing Documents"), the making of the representations and warranties and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved in all respects, and that any Authorized Officer, who may act without the joinder of any other

2

Authorized Officer, is hereby severally authorized, empowered and directed, in the name and on behalf of such Company, to execute and deliver the DIP Credit Agreement and any other DIP Financing Document to which such Company is a party, with such changes therein and additions thereto as any such Authorized Officer, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of the Dip Credit Agreement and such DIP Financing Document with any changes thereto by the relevant Authorized Officer, to be conclusive evidence that such Authorized Officer deemed such changes to meet such standard; and be it further

RESOLVED, that the form, terms and provisions of each of (i) the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Companies throughout the Chapter 11 Case, substantially in the form presented to the Governing Body and (ii) any and all of the other agreements, including, without limitation, any guarantee and security agreement, letters, notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing and the performance of obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

RESOLVED, that each Authorized Officer of each Company, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of such Company, to cause such Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Credit Agreement and any other DIP Financing Document, in the name and on behalf of such Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Agent or required by the DIP Credit Agreement and any other DIP Financing Documents; and be it further

RESOLVED, that each Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Credit Agreement and any other DIP Financing Document including the granting of security thereunder; and be it further

RESOLVED, that each Authorized Officer of each Company, who may act without the joinder of any other Authorized Officer, is hereby authorized to grant security interests in, and liens on, any and all property (including oil and gas properties and other real property) of such Company as collateral pursuant to the DIP Credit Agreement and any other DIP Financing Document to secure all of the obligations and liabilities of such Company thereunder to the Lenders and the Agent, and to authorize, execute, verify, file and/or deliver to the Agent, on behalf of such Company, all agreements, documents and instruments required by the Lenders in connection with the foregoing; and be it further

RESOLVED, that each Authorized Officer of each Company, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of such Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Credit Agreement and any other DIP Financing Document, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform such Company's obligations under or in connection with the DIP Credit Agreement or any other DIP Financing Document and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

RESOLVED, that each Authorized Officer of each Company, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of such Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement and/or

3

any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

### III.    Retention of Advisors

   **RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for the Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

   **RESOLVED**, that Opportune LLP, located at 711 Louisiana Street, Suite 3100, Houston, Texas 77002, is hereby retained as financial advisor for the Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

   **RESOLVED**, that Evercore Group L.L.C., located at 55 East 52nd Street, New York, New York 10055, is hereby retained as investment banker for the Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

   **RESOLVED**, that Prime Clerk LLC, located at 830 Third Avenue, 9th Floor, New York, New York 10022, is hereby retained as claims, noticing and solicitation agent for the Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

### IV.    Restructuring Support Agreement and Plan

   **RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interests of each Company to enter into a Restructuring Support Agreement (the "**Restructuring Support Agreement**") on terms and conditions substantially similar to those set forth in the form of Restructuring Support Agreement previously provided to the applicable Governing Body; and be it further

   **RESOLVED**, that the form, terms and provisions of the Restructuring Support Agreement together with the Plan of Reorganization (the "**Plan**") and related Disclosure Statement (the "**Disclosure Statement**") and exhibits annexed thereto and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by such Company are hereby authorized, approved and declared advisable and in the best interests of such Company, with such changes therein and additions thereto as any Authorized Officer of such Company, who may act without the joinder of any other Authorized Officer, executing the same may in such Authorized Officer's discretion deem necessary or appropriate, it being acknowledged that the execution of the Restructuring Support Agreement, Plan or Disclosure Statement and such other documents, agreements, instruments and certificates as may be required by the Restructuring Support Agreement, Plan and Disclosure Statement, as applicable, shall be conclusive evidence of the approval thereof; and be it further

   **RESOLVED,** that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of the applicable Company, to cause such Company to enter into, execute, deliver, certify, file and/or record, and perform, the Restructuring Support Agreement, Plan and Disclosure Statement, substantially in the forms previously presented to the applicable Governing Body, together with such other documents, agreements, instruments and certificates as may be required by the Restructuring Support Agreement, Plan and Disclosure Statement; and be it further

   **RESOLVED**, that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of each Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements,

consolidations, substitutions and extensions of the Restructuring Support Agreement, Plan and Disclosure Statement and/or any of the related documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

## V.    **Backstop Agreement**

        **RESOLVED**, by the Governing Body of Fieldwood Energy Inc. ("**Energy Inc.**") that, in connection with the Chapter 11 Cases, it is in the best interests of Energy Inc. to enter into, along with its parent company, Fieldwood Holdings LLC, whose board of directors separately has adopted substantially similar resolutions, a Backstop Agreement (the "**Backstop Agreement**") on terms and conditions substantially similar to those set forth in the form of Backstop Agreement previously provided to the Governing Body of Energy Inc.; and be it further

        **RESOLVED**, that the form, terms and provisions of the Backstop Agreement, together with any and all exhibits annexed thereto, and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by Energy Inc. are hereby authorized, approved and declared advisable and in the best interests of  Energy Inc., with such changes therein and additions thereto as any Authorized Officer of Energy Inc., who may act without the joinder of any other Authorized Officer, executing the same may in such Authorized Officer's discretion deem necessary or appropriate, it being acknowledged that the execution of the Backstop Agreement and such other documents, agreements, instruments and certificates as may be required by the Backstop Agreement related thereto, shall be conclusive evidence of the approval thereof by Energy Inc.; and be it further

        **RESOLVED,** that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of Energy Inc., to cause Energy Inc. to enter into, execute, deliver, certify, file and/or record, and perform, the Backstop Agreement and any documents related thereto, substantially in the forms previously presented to the Governing Body of Energy Inc., together with such documents, agreements, instruments and certificates as may be required by the Backstop Agreement; and be it further

        **RESOLVED,** that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of Energy Inc., to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Backstop Agreement and/or any of the related documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

## VI.    **Rights Offering and Rights Offering Documents**

        **RESOLVED**, by the Governing Body of Energy Inc., that in connection with the Chapter 11 Case, it is in the best interests of Energy Inc. to conduct a rights offering (the "**Rights Offering**") of its common stock, par value $0.01 per share ("**New Common Stock**"), pursuant to (i) the rights offering procedures (the "**Rights Offering Procedures**") attached as an exhibit to the Restructuring Support Agreement in conjunction with the Backstop Agreement and (ii) the subscription agreement (the "**Subscription Agreement**") and rights offering subscription form (the "**Subscription Form,**" and collectively with the Subscription Agreement and the Rights Offering Procedures, "**the Rights Offering Documents**"), substantially in the form presented to the Governing Body of Energy Inc., pursuant to which (subject to certain terms and conditions set forth therein and in accordance with the Plan, the Rights Offering Procedures and the Backstop Agreement), the subscriber party thereto has agreed to subscribe for the number of shares of New Common Stock set forth in Item 2b of such subscriber's Subscription Form; and be it further

**RESOLVED**, that the form, terms and provisions of the Rights Offering Documents, together with any and all exhibits annexed thereto, the issuance of the New Common Stock, the commencement of the Rights Offering and the consummation of the other transactions contemplated thereunder by Energy Inc. are hereby authorized, approved and declared advisable and in the best interests of Energy Inc., with such changes therein and additions thereto as any Authorized Officer of Energy Inc., who may act without the joinder of any other Authorized Officer, executing or approving the same, may in such Authorized Officer's discretion deem necessary or appropriate, it being acknowledged that the execution or approval of such documents, agreements, instruments and certificates as may be required by the Rights Offering and/or the Rights Offering Documents, shall be conclusive evidence of the approval thereof; and be it further

**RESOLVED,** that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of Energy Inc., to commence the Rights Offering in accordance with the terms and conditions of the Rights Offering Documents and to take any and all actions, for and on behalf of the Energy Inc., to implement the Rights Offering and to effectuate the transactions described in the Rights Offering Documents including without limitation, the right to make changes, additions and modifications thereto, together with such documents, agreements, instruments and certificates as may be required by the Rights Offering Documents; and be it further

**RESOLVED**, that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of Energy Inc., to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Rights Offering Documents and/or any of the related documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

## VII.   <u>Purchase and Sale Agreement</u>

**RESOLVED**, by the Governing Body of Fieldwood Energy LLC ("**Energy LLC**"), that in connection with the Chapter 11 Case, it is in the best interests of Energy LLC to enter into a Purchase and Sale Agreement (the "**Purchase and Sale Agreement**") on terms and conditions substantially similar to those set forth in the form of Purchase and Sale Agreement previously provided to the Governing Body of Energy LLC; and be it further

**RESOLVED**, that the form, terms and provisions of the Purchase and Sale Agreement together with any and all exhibits annexed thereto and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by Energy LLC are hereby authorized, approved and declared advisable and in the best interests of Energy LLC, with such changes therein and additions thereto as any Authorized Officer of Energy LLC, who may act without the joinder of any other Authorized Officer, executing the same may in such Authorized Officer's discretion deem necessary or appropriate, it being acknowledged that the execution of the Purchase and Sale Agreement and such other documents, agreements, instruments and certificates as may be required by the Purchase and Sale Agreement related thereto, shall be conclusive evidence of the approval thereof; and be it further

**RESOLVED,** that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of Energy LLC, to cause it to enter into, execute, deliver, certify, file and/or record, and perform, the Purchase and Sale Agreement and any documents related thereto, substantially in the forms previously presented to the Governing Body of Energy LLC, together with such documents, agreements, instruments and certificates as may be required by the Purchase and Sale Agreement; and be it further

**RESOLVED**, that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of Energy LLC, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Purchase and Sale Agreement and/or any of the related documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

## VIII.   Solicitation

**RESOLVED**, that the materials presented to each applicable Governing Body with respect to the solicitation of votes on the Plan, including, but not limited to, the form of the Plan, Disclosure Statement, and related documents, each be, and hereby are, approved; and further, that the Authorized Officers, each of whom may act without the joinder of any other Authorized Officer, be, and each of them hereby is, authorized, following the execution of the Restructuring Support Agreement, to execute the Plan and related Disclosure Statement on the applicable Company's behalf and commence the process of soliciting votes on the Plan; and be it further

## IX.   Apache Term Sheet

**RESOLVED**, by the Governing Body of each of Energy LLC and GOM Shelf LLC ("**GOM Shelf**") that in connection with the Chapter 11 Case, it is in the best interests of each of Energy LLC and GOM Shelf to approve the terms of and enter into that certain Apache Decommissioning Agreement Amendment Term Sheet (the "**Apache Term Sheet**") upon terms and conditions substantially similar to those set forth in the form of Apache Term Sheet previously provided to the Governing Body of Energy LLC and GOM Shelf; and be it further

**RESOLVED**, that the form, terms and provisions of the Apache Term Sheet, together with any and all exhibits annexed thereto, the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by Energy LLC and GOM Shelf are hereby authorized, approved and declared advisable and in the best interests of Energy LLC and GOM Shelf, with such changes therein and additions thereto as any Authorized Officer of Energy LLC and GOM Shelf, who may act without the joinder of any other Authorized Officer, executing the same may in such Authorized Officer's discretion deem necessary or appropriate, it being acknowledged that the execution of the Apache Term Sheet and such other documents, agreements, instruments and certificates as may be required by the Apache Term Sheet related thereto, including any definitive agreement amending, restating, and/or otherwise modifying the Apache Decommissioning Agreement as contemplated by the Apache Term Sheet, shall be conclusive evidence of the approval thereof by Energy LLC or GOM Shelf, as applicable; and be it further

**RESOLVED**, that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of each of Energy LLC and GOM Shelf, to cause such entity to enter into, execute, deliver, certify, file and/or record, and perform, the Apache Term Sheet and any documents related thereto, substantially in the forms of any such documents as may have been previously presented to the Governing Body of Energy LLC and GOM Shelf, together with such documents, agreements (including any definitive agreement amending, restating, and/or otherwise modifying the Apache Decommissioning Agreement), instruments and certificates as may be required or contemplated by the Apache Term Sheet; and be it further

**RESOLVED**, that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of each of Energy LLC and GOM Shelf, to execute and deliver any amendments, supplements, modifications,

7

renewals, replacements, consolidations, substitutions and extensions of the Apache Term Sheet and/or any of the related documents thereto, including any definitive agreement amending, restating, and/or otherwise modifying the Apache Decommissioning Agreement, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

## X.    **Ratification**

**RESOLVED**, that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Company, to cause such Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of any Authorized Officer, who may act without the joinder of any other Authorized Officer, shall be or become necessary, proper, or desirable in connection with the Chapter 11 Case; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer in the name and on behalf of the applicable Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of such Company.

This consent may be executed in two or more counterparts, each of which shall constitute an original, and all of which shall constitute one and the same instrument. The secretary of each Company is authorized to place a copy of this consent in the official records of the Company to document the actions set forth herein as actions taken by the Governing Body of such Company.

*[Remainder of page intentionally left blank.  Signature page follows.]*

8

**IN WITNESS WHEREOF**, the undersigned, being the sole member of the board of directors of FIELDWOOD ENERGY INC., has executed this written consent as of the date first set forth above.

Name: G. M. McCarroll

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of FW GOM PIPELINE, INC. have executed this unanimous written consent as of the date first set forth above.

Name: G. M. McCarroll

Name: Michael T. Dane

SIGNATURE PAGE TO WRITTEN CONSENT

**IN WITNESS WHEREOF**, the undersigned, being the sole and managing member of FIELDWOOD ENERGY LLC has executed this written consent as of the date first set forth above.

**FIELDWOOD ENERGY INC.**

By: _____

Name:   G. M. McCarroll

Title:    President and Chief Executive Officer

**IN WITNESS WHEREOF**, the undersigned, being the sole manager or sole director, of FIELDWOOD ENERGY OFFSHORE LLC, FIELDWOOD SD OFFSHORE LLC, FIELDWOOD ONSHORE LLC, and DYNAMIC OFFSHORE RESOURCES NS, LLC, FIELDWOOD ENERGY SP LLC and BANDON OIL AND GAS GP, LLC, has executed this written consent as of the date first set forth above.

_____

Name:  G. M. McCarroll

**IN WITNESS WHEREOF**, the undersigned, being the sole and managing member of GOM SHELF LLC has executed this written consent as of the date first set forth above.

**FIELDWOOD ENERGY LLC**

By: _____

Name:  G. M. McCarroll

Title:    President and Chief Executive Officer

SIGNATURE PAGE TO WRITTEN CONSENT

**IN WITNESS WHEREOF**, the undersigned, being the sole general partner of BANDON OIL AND GAS, LP has executed this written consent as of the date first set forth above.

**BANDON OIL AND GAS GP, LLC**

By: _____

Name:  G. M. McCarroll

Title:  President

**IN WITNESS WHEREOF**, the undersigned, being the sole and managing member of GALVESTON BAY PIPELINE LLC and GALVESTON BAY PROCESSING LLC has executed this written consent as of the date first set forth above.

FIELDWOOD ONSHORE LLC

By: _____
Name:  G. M. McCarroll
Title:    President

**Fill in this information to identify the case:**

Debtor name:   Fieldwood Energy LLC

United States Bankruptcy Court  for the:  Southern District of  Texas
(State)

Case number (If known): _____

☐  Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders  12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.
Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors,
unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | ISLAND OPERATING COMPANY INC LOCK BOX PO BOX 27783 HOUSTON, TX 77227-7783 | KIMBERLY FALGOUT PHONE: 318-233-9594 KFALGOUT@ISLANDOPERATING.COM | TRADE DEBT | U | | | $7,911,838 |
| 2 | WOOD GROUP PSN INC 17325 PARK ROW HOUSTON, TX 77084 | KIMBERLY VINCENT FAX: 337-234-0193 KIMBERLY.VINCENT@WOODPLC.COM | TRADE DEBT | U | | | $4,949,907 |
| 3 | LINEAR CONTROLS INC 107 1/2 COMMISSION BLVD LAFAYETTE, LA 70508 | DAWN CLEMONS FAX: 337-837-2121 DAWN.CLEMONS@LINEARCONTROLS.NET | TRADE DEBT | U | | | $4,695,643 |
| 4 | KILGORE MARINE SERVICES INC 200 BEAULLIEU DRIVE BLDG. 8 LAFAYETTE, LA 70508 | DOZIER LESTER FAX: 337-988-5559 DOZIER@KILGOREMARINE.COM | TRADE DEBT | U | | | $4,330,580 |
| 5 | PETROLEUM HELICOPTERS INC PO BOX 90808 LAFAYETTE, LA 70509-0808 | TOMMY BEGNAUD PHONE: 337-235-2452 TBEGNAUD@PHIHELICO.COM | TRADE DEBT | U | | | $4,133,548 |
| 6 | SHAMROCK ENERGY SOLUTIONS PO BOX 4232 HOUMA, LA 70361 | AMY GUIDRY FAX: 985-580-4021 AMY.GUIDRY@GO-SHAMROCK.COM | TRADE DEBT | U | | | $3,764,196 |
| 7 | W&T OFFSHORE INC PO BOX 4346 DEPT 611 HOUSTON, TX 77210-4346 | KAREN KELLOUGH PHONE: 713-626-8525 KKELLOUGH@WTOFFSHORE.COM | TRADE DEBT | U | | | UNDETERMINED |

Debtor   Fieldwood Energy LLC
         Name

Case number (if known)

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8  COASTAL CHEMICAL CO LLC DEPT 2214 P O BOX 122214 DALLAS, TX 75312-2214 | CARLISS ALMANZA PHONE: 337-893-3862 CALMANZA@BRENNTAG.COM | TRADE DEBT | U | | | $2,577,558 |
| 9  MCDERMOTT INC 757 N ELDRIDGE PKWY HOUSTON, TX 77079 | GABRIEL MEJIA PHONE: 281-870-5678 GMEJIA1@MCDERMOTT.COM | TRADE DEBT | U | | | $2,215,645 |
| 10  FLUID CRANE & CONSTRUCTION INC PO BOX 9586 NEW IBERIA, LA 70562 | CRYSTAL TOFFIER FAX: 337-364-0410 CRYSTAL@FLUIDCRANE.COM | TRADE DEBT | U | | | $2,069,093 |
| 11  GULF CRANE SERVICES, INC P.O. BOX 1843 COVINGTON, LA 70434-1843 | BRITTNEY ROGERS FAX: 985-892-4061 BROGERS@GULFCRANESERVICES.COM | TRADE DEBT | U | | | $1,974,982 |
| 12  ARCHROCK SERVICES, LP 9807 KATY FREEWAY, SUITE 100 HOUSTON, TX 77024 | MARIA CAMACHO PHONE: 281-836-8098 MARIA.CAMACHO@ARCHROCK.COM | TRADE DEBT | U | | | $1,711,842 |
| 13  ENERGY XXI 1021 MAIN STE 2626 HOUSTON, TX 77002 | LISA A COLLINS PHONE: 713-351-3082 LCOLLINS@ENERGYXXI.COM | TRADE DEBT | U, D | | | UNDETERMINED |
| 14  QUALITY ENERGY SERVICES, INC P O BOX 3190 HOUMA, LA 70361 | CORINA JOY PHONE: 281-570-1853 CJOY@QUALITYENERGY.NET | TRADE DEBT | U | | | $1,308,853 |
| 15  ACADIAN CONTRACTORS INC 17102 WEST LA HWY 330 PO BOX 1608 ABBEVILLE, LA 70511-1608 | MARY DUHON FAX: 337-893-6403 MDUHON@ACADIANCONTRACTORS.COM | TRADE DEBT | U | | | $1,280,233 |
| 16  CARDINAL SLICKLINE LLC PO BOX 11510 NEW IBERIA, LA 70562 | WILLIAM KARTSIMAS II PHONE: 337-364-0898 JKARTSIMAS@CARDINALSVC.COM | TRADE DEBT | U | | | $1,253,248 |
| 17  WARRIOR ENERGY SERVICES CORPORATION P. O. BOX 122114 DEPT 2114 DALLAS, TX 75312-2114 | ANGELLE SWITZER FAX: 662-329-1089 ASWITZER@BWWC.COM | TRADE DEBT | U | | | $1,163,162 |
| 18  DYNAMIC INDUSTRIES INC P O BOX 9406 NEW IBERIA, LA 70562-9406 | KATHY BERARD PHONE: 318-369-6004 KBERARD@DYNAMICIND.COM | TRADE DEBT | U | | | $1,146,436 |
| 19  LOUISIANA SAFETY SYSTEMS INC PO BOX 53729 LAFAYETTE, LA 70505 | CELESTE MATTE PHONE: 337-237-8211 CELESTE@LASAFETY.COM | TRADE DEBT | U | | | $1,101,210 |

Debtor   Fieldwood Energy LLC
Name

Case number (if known)

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20  AGGREKO LLC 4610 W. ADMIRAL DOYLE DRIVE NEW IBERIA, LA 70560 | CYNTHIA SAUSEDA PHONE: 866-228-5967 CYNTHIA.SAUSEDA@AGGREKO.COM | TRADE DEBT | U | | | $1,039,260 |
| 21  AMERICAN EAGLE LOGISTICS LLC 1247 PETROLEUM PARKWAY BROUSSARD, LA 70518 | DAWN SUIRE FAX: 337-839-7996 DAWN.SUIRE@AEAGLE.NET | TRADE DEBT | U | | | $1,001,012 |
| 22  INTERTEK CALEB BRETT USA INC PO BOX 416482 BOSTON, MA 02241-6482 | ASHLEY BROWN PHONE: 504-602-2000 ASHLEY.BROWN@INTERTEK.COM | TRADE DEBT | U | | | $907,265 |
| 23  MONTCO OFFSHORE INC PO BOX 850 GALLIANO, LA 70354 | DEREK BOUDREAUX PHONE: 985-325-7157 DEREK.BOUDREAUX@MONTCO.COM | TRADE DEBT | U | | | $864,944 |
| 24  OFFSHORE SERVICES OF ACADIANA LLC P O BOX 61565 LAFAYETTE, LA 70596-1565 | WENDY HEBERT FAX: 337-706-7801 WHEBERT@OSA.BZ | TRADE DEBT | U | | | $848,953 |
| 25  TOTAL SAFETY US INC 11111 WILCREST GREEN DRIVE SUITE 300 HOUSTON, TX 77042 | ALICIA BREWER FAX: 713-785-0233 ABREWER@TOTALSAFETY.COM | TRADE DEBT | U | | | $827,915 |
| 26  SEACOR LIFTBOATS LLC 7910 MAIN STREET 2ND FLOOR HOUMA, LA 70360 | DARLENE DERISE FAX: 985-858-6439 DDERISE@SEACORMARINE.COM | TRADE DEBT | U | | | $763,970 |
| 27  INDEMCO LP 777 POST OAK BLVD SUITE # 330 HOUSTON, TX 77056 | CHARLENE MATHENY FAX: 713-355-3101 CMATHENY@INDEMCO.COM | INSURANCE | U | | | $753,500 |
| 28  GREENE'S ENERGY GROUP, LLC PO BOX 676263 DALLAS, TX 75267-6263 | ANGELA TRAHAN PHONE: 337-232-1830 ATRAHAN@GREENESENERGY.COM | TRADE DEBT | U | | | $706,085 |
| 29  CYPRESS POINT FRESH MARKET 500 HWY 90 STE. 120 PATTERSON, LA 70739 | EMMA LEE DAVISON PHONE: 985-399-6818 EMMA@OAKPOINTMARKET.COM | TRADE DEBT | U | | | $703,498 |
| 30  HUDSON SERVICES INC PO BOX 398 LA PLACE, LA 70069-0398 | LAQUANDA MITCHELL-CAMPBELL PHONE: 504-652-7560 LMMITCHELL@HISENERGY.COM | TRADE DEBT | U | | | $693,621 |

**Fill in this information to identify the case:**

Debtor name:  __Fieldwood Energy LLC__

United States Bankruptcy Court  for the: __Southern__  District of __Texas__
(State)

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors           12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule ____
- ☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __02/15/2018__
MM  /DD /YYYY

**X** _/s/ G.M. McCarroll_____
Signature of individual signing on behalf of debtor

G.M. McCarroll_____
Printed name

President and Chief Executive Officer_____
Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC** | § | Case No. 18-_____ (___) |
| | § | |
| | § | (Joint Administration Requested) |
| Debtor. | § | |
| | § | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT**
**TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(a)(1) AND 7007.1**

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests in Fieldwood Energy LLC ("**Fieldwood Energy**") and its affiliated debtors (the "**Affiliated Debtors**"), as proposed debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"). Fieldwood Energy, on behalf of itself and the Affiliated Debtors, respectfully represents as follows:

1. Each Debtor listed in **Exhibit A** is 100% owned by its direct parent unless otherwise noted.

2. Fieldwood Holdings LLC ("**Holdings**") is the ultimate parent company of each of the Affiliated Debtors, and directly or indirectly owns a 100% equity interest in each of the Affiliated Debtors.

3. Equity ownership of Holdings is represented by Series A Units: 97.963% held by non-Debtor Riverstone V FW Holdings Sub, LLC ("**Riverstone**") and 2.037% held by non-Debtor Fieldwood Management LLC. The Debtors, from time to time, have granted profit participation rights as part of certain employees' prepetition compensation arrangements.

4.      Holdings is a privately-owned member-managed limited liability company.  No person or entity other than Riverstone owns directly 10% or more of the equity interests of Holdings.

## **Exhibit A**

**Organizational Chart**



**Fill in this information to identify the case:**

Debtor name:   Fieldwood Energy LLC

United States Bankruptcy Court  for the: Southern   District of Texas
(State)

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐   Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐   Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐   Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐   Schedule H: Codebtors (Official Form 206H)

☐   Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐   Amended Schedule _____

☐   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑   Other document that requires a declaration **Corporate Ownership Statement** _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   02/15/2018
MM / DD /YYYY

X   */s/ G.M. McCarroll*
Signature of individual signing on behalf of debtor

G.M. McCarroll
Printed name

President and Chief Executive Officer
Position or relationship to debtor

Official Form 202              Declaration Under Penalty of Perjury for Non-Individual Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC** | § | Case No. 18-_____ (___) |
| | § | |
| | § | **(Joint Administration Requested)** |
| Debtor. | § | |
| | § | |

<u>**LIST OF EQUITY SECURITY HOLDERS**</u>[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest of the above-captioned debtor in possession (the "**Debtor**").

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interests | Percentage of Interests Held |
|---|---|---|
| Fieldwood Energy Inc.<br>2000 W. Sam Houston Pkwy S., Suite 1200<br>Houston, Texas  77042 | Member Interests | 100% |

---

[1] This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**Fill in this information to identify the case:**

Debtor name: ___Fieldwood Energy LLC___

United States Bankruptcy Court for the: __Southern__  District of __Texas__
(State)

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule ____

☐ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑ Other document that requires a declaration **List of Equity Security Holders** _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __02/15/2018__       X   __/s/ G.M. McCarroll_____
              MM / DD /YYYY                Signature of individual signing on behalf of debtor

                                  G.M. McCarroll_____
                                  Printed name

                                  President and Chief Executive Officer_____
                                  Position or relationship to debtor