**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **DYNAMIC OFFSHORE RESOURCES** | § | |
| **NS, LLC,** | § | Case No. 18-30647 (DRJ) |
| | § | |
| | § | (Emergency Hearing Requested) |
| Debtor. | § | |
| | § | |
| Tax I.D. No.  35-2190158 | § | |
| ----------------------------------------------- | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC,** | § | Case No. 18-30648 (DRJ) |
| | § | |
| | § | (Emergency Hearing Requested) |
| Debtor. | § | |
| | § | |
| Tax I.D. No.  46-1326778 | § | |
| ----------------------------------------------- | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD HOLDINGS LLC,** | § | Case No. 18-30649 (DRJ) |
| | § | |
| | § | (Emergency Hearing Requested) |
| Debtor. | § | |
| | § | |
| Tax I.D. No.  30-0759264 | § | |
| ----------------------------------------------- | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY INC.,** | § | Case No. 18-30650 (DRJ) |
| | § | |
| | § | (Emergency Hearing Requested) |
| Debtor. | § | |
| | § | |
| Tax I.D. No.  46-1694991 | § | |
| ----------------------------------------------- | § | |

---------------------------------------------§
        §
**In re:**        §        **Chapter 11**
        §
**FIELDWOOD ENERGY OFFSHORE**  §
**LLC,**        §        **Case No. 18-30652 (DRJ)**
        §
        §        **(Emergency Hearing Requested)**
     **Debtor.**        §
        §
**Tax I.D. No.  26-1084494**    §
---------------------------------------------§
        §
**In re:**        §        **Chapter 11**
        §
**FIELDWOOD ONSHORE LLC,**   §        **Case No. 18-30653 (DRJ)**
        §
        §        **(Emergency Hearing Requested)**
     **Debtor.**        §
        §
**Tax I.D. No.  47-0953489**    §
---------------------------------------------§
        §
**In re:**        §        **Chapter 11**
        §
**FIELDWOOD SD OFFSHORE LLC,**  §        **Case No. 18-30654 (DRJ)**
        §
        §        **(Emergency Hearing Requested)**
     **Debtor.**        §
        §
**Tax I.D. No.  11-3758786**    §
---------------------------------------------§
        §
**In re:**        §        **Chapter 11**
        §
**FW GOM PIPELINE, INC.,**    §        **Case No. 18-30656 (DRJ)**
        §
        §        **(Emergency Hearing Requested)**
     **Debtor.**        §
        §
**Tax I.D. No.  38-3718440**    §
---------------------------------------------§

```
--------------------------------------------§
                                            §
In re:                                      §         Chapter 11
                                            §
GOM SHELF LLC,                              §         Case No. 18-30657 (DRJ)
                                            §
                                            §          (Emergency Hearing Requested)
           Debtor.                          §
                                            §
Tax I.D. No.  76-0648107                    §
--------------------------------------------§
                                            §
In re:                                      §         Chapter 11
                                            §
BANDON OIL AND GAS GP, LLC,                 §         Case No. 18-30658 (DRJ)
                                            §
                                            §          (Emergency Hearing Requested)
           Debtor.                          §
                                            §
Tax I.D. No.  20-4839172                    §
--------------------------------------------§
                                            §
In re:                                      §         Chapter 11
                                            §
BANDON OIL AND GAS, LP,                     §         Case No. 18-30659 (DRJ)
                                            §
                                            §         (Emergency Hearing Requested)
           Debtor.                          §
                                            §
Tax I.D. No.   20-4839266                   §
--------------------------------------------§
                                            §
In re:                                      §         Chapter 11
                                            §
FIELDWOOD ENERGY SP LLC,                    §         Case No. 18-30661 (DRJ)
                                            §
                                            §         (Emergency Hearing Requested)
           Debtor.                          §
                                            §
Tax I.D. No.  16-1671971                    §
--------------------------------------------§
```

```
-----------------------------------------------§
                                               §
In re:                                         §        Chapter 11
                                               §
GALVESTON BAY PIPELINE LLC,                     §        Case No. 18-30662 (DRJ)
                                               §
                                               §        (Emergency Hearing Requested)
          Debtor.                              §
                                               §
Tax I.D. No.  76-0595703                        §
-----------------------------------------------§
                                               §
In re:                                         §        Chapter 11
                                               §
GALVESTON BAY PROCESSING LLC, §                          Case No. 18-30663 (DRJ)
                                               §
                                               §        (Emergency Hearing Requested)
          Debtor.                              §
                                               §
Tax I.D. No.  76-0570422                        §
-----------------------------------------------§
```

## EMERGENCY MOTION OF DEBTORS PURSUANT TO BANKRUPTCY RULE 1015(b) AND LOCAL RULE 1015-1 FOR ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

Fieldwood Energy LLC ("**Fieldwood Energy**") and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (this "**Motion**"):

<u>**Relief Requested**</u>

1.     Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**"), the Debtors request entry of an order directing consolidation of their chapter 11 cases for procedural purposes only.

2.     A proposed form of order granting the relief requested herein is annexed hereto as <u>**Exhibit A**</u> (the "**Proposed Order**").

<u>**Jurisdiction**</u>

3.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

<u>**Background**</u>

4.     On the date hereof (the "**Petition Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

5.     The Debtors, together with their non-debtor subsidiaries (collectively, the "**Company**"), comprise a North American oil and natural gas exploration and production firm

headquartered in Houston, Texas.  The Company owns and operates the largest portfolio of properties within the Gulf of Mexico Shelf.  These assets generally sit at water depths of up to 500 feet.  The Company also maintains certain deepwater operations further in the Gulf of Mexico as well as onshore properties located in Texas and Louisiana along the Gulf Coast.  The Company focuses on the development and acquisition of conventional hydrocarbons.

6.      Additional information regarding the circumstances leading to the commencement of these chapter 11 cases and information regarding the Debtors' businesses and capital structure is set forth in the *Declaration of G.M. McCarroll in Support of Debtors' Chapter 11 Petitions and Related Requests for Relief* (the "**McCarroll Declaration**"), which has been filed contemporaneously herewith and is incorporated herein by reference.[1]

### Relief Requested Should be Granted

7.      Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  Section 101(2) of the Bankruptcy Code defines the term "affiliate" to mean:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> > (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
> >
> > (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the McCarroll Declaration.

controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

(i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

(ii) solely to secure a debt, if such entity has not in fact exercised such power to vote . . . .

11 U.S.C. § 101(2).  In addition, Bankruptcy Local Rule 1015-1 provides for the joint administration of related chapter 11 cases.  The Debtors are affiliates of one another because Fieldwood Holdings LLC owns, either directly or indirectly, 100% of the outstanding ownership interest in each of the other Debtors.   Accordingly, this Court is authorized to jointly administer these cases for procedural purposes.

8.    Joint administration of these cases will save the Debtors and their estates substantial time and expense because it will remove the need to prepare, replicate, file, and serve duplicative notices, applications, and orders.  Joint administration will also relieve the Court from entering duplicative orders and maintaining duplicative files and dockets.  The United States Trustee for the Southern District of Texas and other parties-in-interest will similarly benefit from joint administration of these chapter 11 cases, sparing them the time and effort of reviewing duplicative dockets, pleadings, and papers.

9.    Joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the estates for procedural purposes, and does not seek substantive consolidation.  As such, each creditor will continue to hold its claim against a particular Debtor's estate after this Motion is approved.

10.    The Debtors respectfully request that each of the Debtors' chapter 11 cases be administered under a consolidated caption, in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY LLC,** *et al.*, | § | **Case No. 18-[_____] (___)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Holdings LLC (9264); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

11.    The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket in each Debtor's chapter 11 case (other than the chapter 11 case of Fieldwood Energy LLC) to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Fieldwood Energy LLC, *et al.*  The docket in Case No. 18-_____ (    ) should be consulted for all matters affecting this case.

12.    Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## Notice

13.    No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.  Notice of this Motion will be provided to (i) the Office of the United States Trustee for the Southern District of Texas; (ii) the Debtors' 30 largest

unsecured creditors on a consolidated basis; (iii) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Damian S. Schaible, Esq., Darren S. Klein, Esq., and Natasha Tsiouris, Esq.), counsel to Cortland Capital Market Services LLC, agent under the Prepetition Second Lien Term Loan Facility; (iv) Vinson & Elkins LLP, 666 Fifth Avenue, 26th Floor, New York, New York 10103 (Attn: David S. Meyer, Esq. and Jessica Peet, Esq.), counsel to Riverstone Holdings LLC and certain of its affiliated funds; (v) O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, New York 10036 (Attn: George Davis, Esq., David Johnson, Esq., and Daniel Shamah, Esq.), counsel to certain lenders under the Prepetition First Lien Term Loan Facility; (vi) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019 (Attn: Ana Alfonso, Esq.), counsel to Citibank, N.A., agent under the Prepetition Reserves-Based Lending Facility; (vii) Bracewell LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002 (Attn: William A. Wood III, Esq.), counsel to Noble Energy, Inc.; (viii) Andrews Kurth Kenyon LLP, 600 Travis, Suite 4200, Houston, Texas 77002 (Attn: Robin Russell, Esq.), counsel to Apache Corporation; (ix) the Internal Revenue Service; (x) the United States Attorney's Office for the Southern District of Texas; and (xi) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002.

14.     In addition to the foregoing, notice of this Motion and any order entered hereon will be served on all parties required by Bankruptcy Local Rule 9013-1(d) (collectively, with the parties listed in the preceding paragraph, the "**Notice Parties**").  Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

**No Previous Request**

15.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: February 15, 2018
       Houston, Texas

_/s/ Alfredo R. Pérez_____
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:  Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (*pro hac vice* pending)
Ray C. Schrock, P.C. (*pro hac vice* pending)
Jessica Liou (*pro hac vice* pending)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:  Matt.Barr@weil.com
Email:  Ray.Schrock@weil.com
Email:  Jessica.Liou@weil.com

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**<u>Certificate of Service</u>**

I hereby certify that on February 15, 2018, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtors' proposed claims, noticing, and solicitation agent.


   */s/ Alfredo R. Pérez*
Alfredo R. Pérez

**Exhibit A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **DYNAMIC OFFSHORE RESOURCES** | § | |
| **NS, LLC,** | § | Case No. 18-30647 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 35-2190158 | § | |
| ------------------------------------------------- | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC,** | § | Case No. 18-30648 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 46-1326778 | § | |
| ------------------------------------------------- | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD HOLDINGS LLC,** | § | Case No. 18-30649 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 30-0759264 | § | |
| ------------------------------------------------- | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY INC.,** | § | Case No. 18-30650 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 46-1694991 | § | |
| ------------------------------------------------- | § | |

| | | |
|---|---|---|
| ---------------------------------------------------§ | | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY OFFSHORE** | § | |
| **LLC,** | § | Case No. 18-30652 (DRJ) |
| | § | |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No.  26-1084494 | § | |
| ---------------------------------------------------§ | | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ONSHORE LLC,** | § | Case No. 18-30653 (DRJ) |
| | § | |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No.  47-0953489 | § | |
| ---------------------------------------------------§ | | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD SD OFFSHORE LLC,** | § | Case No. 18-30654 (DRJ) |
| | § | |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No.  11-3758786 | § | |
| ---------------------------------------------------§ | | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **FW GOM PIPELINE, INC.,** | § | Case No. 18-30656 (DRJ) |
| | § | |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No.  38-3718440 | § | |
| ---------------------------------------------------§ | | |

2

```
--------------------------------------§
                                      §
In re:                                §        Chapter 11
                                      §
GOM SHELF LLC,                        §        Case No. 18-30657 (DRJ)
                                      §
                                      §
            Debtor.                   §
                                      §
Tax I.D. No.  76-0648107              §
--------------------------------------§
                                      §
In re:                                §        Chapter 11
                                      §
BANDON OIL AND GAS GP, LLC,           §        Case No. 18-30658 (DRJ)
                                      §
                                      §
            Debtor.                   §
                                      §
Tax I.D. No.  20-4839172              §
--------------------------------------§
                                      §
In re:                                §        Chapter 11
                                      §
BANDON OIL AND GAS, LP,               §        Case No. 18-30659 (DRJ)
                                      §
                                      §
            Debtor.                   §
                                      §
Tax I.D. No.   20-4839266             §
--------------------------------------§
                                      §
In re:                                §        Chapter 11
                                      §
FIELDWOOD ENERGY SP LLC,              §        Case No. 18-30661 (DRJ)
                                      §
                                      §
            Debtor.                   §
                                      §
Tax I.D. No.  16-1671971              §
--------------------------------------§
```

```
-------------------------------------------------§
                                                 §
In re:                                           §        Chapter 11
                                                 §
GALVESTON BAY PIPELINE LLC,                       §        Case No. 18-30662 (DRJ)
                                                 §
                                                 §
          Debtor.                                §
                                                 §
Tax I.D. No.  76-0595703                          §
-------------------------------------------------§
                                                 §
In re:                                           §        Chapter 11
                                                 §
GALVESTON BAY PROCESSING LLC,                     §        Case No. 18-30663 (DRJ)
                                                 §
                                                 §
          Debtor.                                §
                                                 §
Tax I.D. No.   76-0570422                         §
-------------------------------------------------§
```

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 1015(b) AND LOCAL RULE 1015-1

Upon the motion, February 15, 2018 (the "**Motion**")[1] of Fieldwood Energy LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order directing joint administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1, all as more fully set forth in the Motion; and upon consideration of the McCarroll Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the McCarroll Declaration.

4

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 18-_____ (      ). Additionally, the following checked items are ordered:

____☒___One disclosure statement and plan of reorganization may be filed for all cases by any plan proponent.

____☒___Case No. 18-_____ shall be transferred to Judge _____.

____☒___Parties may request joint hearings on matters pending in any of the jointly administered cases.

____☒___Other:  See below.

5

3.      Nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases, the Debtors or the Debtors' estates.  The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY LLC, *et al.*,** | § | **Case No. 18-[_____] (___)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.[1]** | § | |
| | § | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Holdings LLC (9264); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

4.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.      A docket entry shall be made in each of the above-captioned cases (except the chapter 11 case of Fieldwood Energy LLC) substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Fieldwood Energy LLC, *et al.*  The docket in Case No. 18-_____ (      ) should be consulted for all matters affecting this case.

6.      The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7.      The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2018
        Houston, Texas

_____
UNITED STATES BANKRUPTCY JUDGE